UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
BRYAN WARMAN, Plaintiff,
v.
AT&T SERVICES, INC., DIRECTV, LLC, and JOHN DOES 1-10 (Co-Conspirators and Accessories), Defendants.
Civil Action No. [To be assigned by the Court]
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF JURY TRIAL DEMANDED
Plaintiff Bryan Warman, appearing *pro se*, respectfully alleges as follows:

I. INTRODUCTION AND NATURE OF ACTION
1. This is a civil action seeking monetary damages and permanent injunctive relief arising from a coordinated and unlawful pattern of conduct by Defendants AT&T Services, Inc. ("AT&T"), DirecTV, LLC ("DirecTV"), and their co-conspirators and accessories (collectively, "Defendants"), who knowingly and substantially assisted a structured criminal enterprise—the Church of Scientology International ("CSI")—in its illicit operations targeting the Plaintiff.
2. The conduct complained of involves the Corporate Defendants' alleged unauthorized use of their massive telecommunications and media infrastructure to facilitate and conceal illegal electronic surveillance, unauthorized access to private data, digital manipulation, and obstruction of justice against the Plaintiff.
3. Defendants' actions and omissions, facilitated by their common carrier and data control status, constitute violations of federal laws, specifically the Racketeer Influenced and Corrupt Organizations Act (RICO), the Federal Wiretapping Act, and the Computer Fraud and Abuse Act (CFAA), as well as corresponding state laws.

II. JURISDICTION AND VENUE
1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 18 U.S.C. § 1964 (RICO).
2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in the Bronx and Manhattan, New York.

III. PARTIES
1. Plaintiff Bryan Warman is a resident of the State of New York and has sustained injury and damages as a direct and proximate result of the Defendants' unlawful conduct.
2. Defendant AT&T Services, Inc. is a Delaware corporation that provides telecommunications, internet, and data services, and operates within this District.
3. Defendant DirecTV, LLC is an entity associated with AT&T that provides satellite and digital media services, and operates within this District.
4. Defendants JOHN DOES 1-10 are presently unknown individuals, employees, or entities who acted as co-conspirators, accessories, and agents of AT&T and DirecTV in furtherance of the unlawful enterprise. Plaintiff reserves the right to amend this Complaint to name these parties once their identities are determined through discovery.

IV. FACTUAL ALLEGATIONS
1. The underlying criminal enterprise is CSI, which has a documented history of operating as a structured criminal organization engaging in illegal surveillance, obstruction, and harassment, as established in various prior litigation and federal investigations (See Exhibits A and B of the original filing).
2. From [Insert Date Range], Defendants AT&T and DirecTV, utilizing the vast reach and control of their corporate infrastructure and proprietary networks, provided essential operational support to the CSI enterprise that targeted the Plaintiff. This support included, but was not limited to:a. **Facilitating Illegal Wiretapping:** Allowing, enabling, or willfully failing to prevent the unauthorized and unlawful interception of Plaintiff's private electronic and wire communications across networks controlled or serviced by Defendants. b.

   **Providing Unauthorized Data Access:** Granting or failing to prevent third-party access to Plaintiff's personal network metadata, device location history, and communication logs far exceeding routine business or legal requirements. c. **Aiding Digital and Psychological Manipulation:** Providing the necessary network capabilities to facilitate the injection of manipulated, misleading, or psychologically distressing digital content into the Plaintiff's communication streams and personal electronic environment.
3. The Defendants, by virtue of their substantial control over the infrastructure, possessed unique knowledge regarding the communication data and network activities being used for the illicit operation.
4. Defendants' actions, whether through commission or omission, were knowing, willful, and intentional, constituting substantial assistance and active participation in the criminal conduct of the enterprise, thereby rendering them liable as co-conspirators and for aiding and abetting the unlawful acts.
5. The pattern of misconduct—Wire Fraud, Illegal Surveillance, Unauthorized Access, and Cyberstalking—was executed through the misuse of interstate wires and digital networks owned and operated by the Defendants.
6. These actions caused direct and demonstrable harm to Plaintiff's financial security, personal security, legal standing, and resulted in **severe, debilitating, and interconnected psychological and emotional distress** requiring ongoing professional treatment for conditions including, but not limited to, Post-Traumatic Stress Disorder (PTSD) and chronic anxiety, all of which stem from the continuous digital manipulation and surveillance.

V. TECHNICAL SPECIFICITY OF INFRASTRUCTURE
1. To establish the means by which the Defendants' infrastructure was leveraged to commit the predicate acts of Wiretapping (Count IV) and Unauthorized Access (Count V), Plaintiff identifies the following publicly known communication channels and control points:a. **DirecTV Satellite Locations (for Data Transport):** The communication pathways controlled by DirecTV are established by their fleet of geostationary satellites, which serve as transmission hubs and control points for digital and media streams, including the Scientology Network (DirecTV Channel 320). These critical locations include, but are not limited to: - **101° West (W):** Primary satellite data hub. - **99° West (W):** High-capacity Ka-band transmission hub. - **103° West (W):** High-capacity Ka-band transmission hub.b. **Church of Scientology Licensed Radio Frequencies (Los Angeles, CA):** The physical, localized surveillance, coordination, and interference efforts by the co-conspirator enterprise (CSI) are alleged to have been coordinated using ground infrastructure communication channels. The following frequencies are licensed to the Church of Scientology for internal Industrial/Business Pool radio communication (Callsign WNUD964) in the Los Angeles area: - **461.3250 MHz, 462.1375 MHz, 463.5000 MHz, 464.1875 MHz, 464.9875 MHz, 466.3250 MHz, 467.1375 MHz, 469.1875 MHz.**
2. These data points provide concrete technical context for the communication infrastructure utilized and misused by the Defendants and the co-conspirators in furtherance of the pattern of surveillance alleged in this Complaint.

VI. CLAIMS FOR RELIEF
**COUNT I: VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. § 1962(c) and (d))**
1. The CSI enterprise constitutes an "enterprise" within the meaning of 18 U.S.C. § 1961(4).
2. The acts described herein, including violations of 18 U.S.C. §§ 1341 (Mail Fraud), 1343 (Wire Fraud), 1503 (Obstruction of Justice), and 2511 (Illegal Wiretapping), constitute "a pattern of racketeering activity."
3. Defendants AT&T and DirecTV were associated with this enterprise and participated in the conduct of its affairs through the commission of two or more predicate acts,

   constituting a violation of 18 U.S.C. § 1962(c).
4. All Defendants conspired to violate the provisions of 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

**COUNT II: AIDING AND ABETTING A CRIMINAL ENTERPRISE (Federal and State Law)**
1. Defendants knowingly and substantially assisted and encouraged the CSI enterprise in its unlawful activities, providing the indispensable infrastructure and data access necessary for the commission and concealment of the predicate acts, thereby making them liable as aiders and abettors of the tortious and criminal conduct.

**COUNT III: ACCESSORY AFTER THE FACT (State Law)**
1. After the commission of the felonies (e.g., Wiretapping, Data Theft, Obstruction) by the CSI enterprise, the Defendants knowingly harbored, concealed, or aided the principals with the intent that the principals might avoid or escape from arrest, trial, conviction, or punishment.

**COUNT IV: VIOLATION OF THE FEDERAL WIRETAPPING ACT (18 U.S.C. § 2511 et seq.)**
1. Defendants violated the Federal Wiretapping Act by intentionally intercepting, endeavoring to intercept, or procuring another person to intercept Plaintiff's communications, or by unlawfully providing access to the means of interception, thereby causing the Plaintiff injury.

**COUNT V: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (CFAA) (18 U.S.C. § 1030 et seq.)**
1. Defendants violated the CFAA by knowingly and intentionally accessing a protected computer without authorization or exceeding authorized access, thereby obtaining information, including communication content and private files, resulting in loss and damage to the Plaintiff in violation of the Act.

**COUNT VI: OBSTRUCTION OF JUSTICE (18 U.S.C. § 1503 et seq.)**
1. Defendants' actions, including the alleged purposeful destruction, manipulation, or withholding of electronic evidence and network data pertinent to the CSI investigation and subsequent litigation, constitute an unlawful obstruction of justice.

**COUNT VII: DATA THEFT, MISAPPROPRIATION, AND CONVERSION**
1. Defendants facilitated the unauthorized theft and misappropriation of Plaintiff's personal, legal, and financial data, resulting in identity theft, financial losses, and other damages, constituting the tort of conversion of personal property and privacy violations.

**COUNT VIII: FRAUD AND MISREPRESENTATION**
1. Defendants committed fraud and misrepresentation by failing to disclose to the Plaintiff that their communication and media services were being compromised or intentionally subverted to facilitate illegal surveillance and harm against the Plaintiff.

**COUNT IX: INFLICTION OF SEVERE EMOTIONAL DISTRESS**
1. Defendants' conduct—including facilitating continuous digital and physical surveillance and psychological manipulation—was extreme and outrageous, and intentionally or recklessly caused Plaintiff to suffer severe and debilitating emotional distress, mental anguish, and physical manifestations of psychological trauma.

**COUNT X: DEFAMATION AND FALSE LIGHT**
1. Defendants facilitated the unauthorized dissemination of false and defamatory statements and/or manipulated digital communications concerning the Plaintiff to third parties, placing Plaintiff in a false and highly offensive light before the public and causing damage to reputation.

VII. ESTIMATION OF DAMAGES AND RELIEF
1. Plaintiff has suffered substantial economic damages, including financial losses due to security remediation, identity theft, and medical expenses for psychological treatment.
2. Plaintiff has suffered severe non-economic damages, including emotional distress, loss of privacy, and psychological trauma, the cumulative effects of which are ongoing and

    debilitating.
3. Due to the Defendants' willful, malicious, and wanton conduct, and their knowing assistance to a criminal enterprise, Plaintiff seeks:a. **Treble Damages:** Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover three times the amount of the actual damages sustained. b. **Punitive Damages:** To punish the Defendants and deter future similar illegal activities, Plaintiff seeks punitive damages against each Defendant in an amount appropriate to the gravity of their offense.

VIII. PRAYER FOR RELIEF
1. WHEREFORE, Plaintiff Bryan Warman respectfully requests that this Court enter judgment against Defendants AT&T Services, Inc., DirecTV, LLC, and JOHN DOES 1-10, and grant the following relief:a. Award compensatory damages in an amount to be determined at trial; b. Award punitive damages against each Defendant; c. Award treble damages as provided by 18 U.S.C. § 1964(c); d. Grant permanent injunctive relief to prevent further unauthorized access, surveillance, and data manipulation by the Defendants; e. Order the seizure and forensic examination of all devices, network logs, and data infrastructure components used in furtherance of the misconduct; and f. Grant such other and further relief as the Court deems just and proper.

IX. DEMAND FOR JURY TRIAL
1. Plaintiff demands a trial by jury on all issues so triable.

X. MOTION TO PROCEED IN FORMA PAUPERIS
1. Plaintiff respectfully moves this Court for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, on the grounds that he is unable to pay the costs of this proceeding. An affidavit of financial status will be submitted with this Complaint.

Respectfully submitted,
Bryan Warman Plaintiff *Pro Se* [480 E 185th st] [Bronx, NY 10458] [332-273-5414] [proximacentaurib31x@outlook.com]
Date: [12/05/2025]